FILED

2013 Jun-10  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH SPARKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-CV-02092-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.      Introduction

The plaintiff, Joseph Sparks, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Sparks timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Sparks was fifty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a twelfth grade education, as well as specialized training in the mining industry. (Tr. at 30.)  His past work experiences include employment as an office manager and an auto salesman. (Tr. at 32-33.)  Mr.

Sparks claims that he became disabled on September 7, 2009, due to elbow pain, seizures, depression, and anxiety. (Tr. at 32-33.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Sparks meets the insured status requirements of the Social Security Act through Dec. 31, 2013. (Tr. at 15.) He further determined that Mr. Sparks has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's s/p fracture of the left elbow; s/p left elbow replacement with resulting mild wasting osteoarthritis; and seizure disorder are considered "severe"

based on the requirements set forth in the regulations. (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (Tr. at 17.)  The ALJ did not find Mr. Sparks's allegations to be totally credible, and he determined that he has the following residual functional capacity: light exertional work; he cannot climb ladders, ropes or scaffolding; he should avoid unprotected heights and moving machinery; and he is limited to jobs where it is acceptable to rely on his dominant right arm for lifting and carrying. (*Id.*)

According to the ALJ, Mr. Sparks is able to perform his past relevant work as an office manager. (Tr. at 20.)  Using the testimony of a vocational expert (VE), the ALJ found that he can perform the job of office manager, not as he actually performed it, but as it is generally performed in the national economy. (*Id.*)  The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from September 7, 2009, through the date of this decision." (Tr. at 21.)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.*   "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.   No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).   Moreover, failure to

apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Mr. Sparks alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ failed to properly evaluate the credibility of the plaintiff's testimony regarding his disabling symptoms. (Doc. 8 at 4.) Second, Plaintiff contends that the ALJ did not properly consider the combined effects of his impairments. (Doc. 8 at 7.)

A.    Subjective Pain Standard

Plaintiff contends that the ALJ improperly evaluated the credibility of his testimony. (Doc. 8 at 4.) It has been established that disability benefits may not be awarded solely on the basis of a claimant's own subjective complaints. 42 U.S.C. §§423 (d)(5)(A), 1382c(a)(3)(H)(I) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require. An individual's statement as to pain and other symptoms shall not alone be conclusive evidence of disability.") However, a claimant's subjective claims of pain and other symptoms can support a finding of disability if they are supported by medical evidence that fulfills the

Eleventh Circuit's "pain standard" and are not discredited by the ALJ. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). In order to satisfy the pain standard, a claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that it can reasonably be expected to give rise to the alleged pain." *Id.* at 1560; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once the pain standard is satisfied, the ALJ must consider a claimant's subjective testimony of pain and other symptoms. *Foote*, 67 F.3d at 1560; *see also Minter v. Astrue*, 722 F.Supp. 2d 1279, 1282 (N.D. Ala. 2010) (holding that "if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.") If the ALJ discredits the claimant's subjective testimony of pain and other symptoms, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the

credibility of the individual's statements.") "Although [the Eleventh Circuit] does not require an explicit finding as to credibility. . . the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). The ALJ is not required to cite "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection that is insufficient to enable this Court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.*

In this case, Plaintiff claims that although the ALJ articulated several reasons for discounting Plaintiff's testimony, none of these reasons were supported by substantial evidence of record. (Doc. 8 at 5.) The ALJ found that the plaintiff showed evidence of his underlying medical condition, as required by the Eleventh Circuit's pain standard, but that the medical evidence failed to support the severity of the limitations to which the plaintiff testified. (Tr. at 18.) Specifically, the ALJ found that the "longitudinal medical evidence cannot be fully reconciled with the level of symptoms and limiting effects of the impairments as alleged." (*Id.*) To support this conclusion the ALJ noted, for example, that Plaintiff has undergone an x-ray of his left elbow, which was replaced in 1999, that revealed no complication in the resulting hardware. (Tr. at 18, 204.) Additionally, the plaintiff underwent a subsequent x-ray

on the same elbow in November 2009 with similar results. (Tr. at 18, 293.) The ALJ also noted that, following Plaintiff's complaints of pain in his left knee, a November 2009 x-ray of the plaintiff's left knee revealed pathology consistent with a disease called Osgood-Schlatter. (Tr. at 18, 295.) However, the plaintiff's medical records lack previous reports of pain in this knee. (Tr. at 18, 235, 244, 293.) Plaintiff contends that he did not seek medical care because he could not afford it. The ALJ acknowledged that Plaintiff lost his medical insurance after losing his job in 2009; however, he had an "extensive longitudinal history with his primary care physician, Dr. Jerry McLane, prior to losing his insurance," and there is no indication in any of these medical records that the plaintiff complained of pain in his knee or elbow. (Tr. at 18.)

The ALJ also noted that while there is evidence in the record that the plaintiff suffers from "occasional seizures," the medical evidence reveals that the seizures occur infrequently. (Tr. at 18.) Plaintiff suffered one seizure in 2009; prior to that, the medical record shows that Plaintiff had not suffered a seizure since the very first one he experienced in 1986. (Tr. at 236.) After his 2009 seizure, Plaintiff saw a neurologist, who noted that his epilepsy was controlled with medication (Tr. at 225.) Likewise, a neurological examination of the plaintiff at that time showed that he had

normal strength, coordination, gait, and cerebellar function. (*Id.*) In any event, the ALJ acknowledged that Plaintiff's seizures occur without warning, and accounted for Plaintiff's seizures in his RFC by precluding him from climbing ropes, ladders, or scaffolds and from being near unprotected heights or moving machinery. (Tr. at 19.) Additionally, during a January 2010 consultative examination, the plaintiff informed Raveendran Meleth, M.D., the consultative examiner (CE), that he was capable of sitting and standing for two hours at a time. (Tr. at 261.) The CE also found that Plaintiff's hand grip and dexterity were within normal limits and that he had strength of 5/5 in his upper and lower extremities bilaterally with only a slight loss of sensation in his left forearm. (*Id.*) In sum, the medical record indicates minimal muscle loss and sparse complaints of pain, which are consistent with the aforementioned residual functional capacity and inconsistent with the plaintiff's allegations of disabling symptoms. (Tr. at 19.)

The ALJ also found that the nature of Plaintiff's daily activities contradicts his allegations of disabling functional limitations. (*Id.*) The ALJ cannot use daily activities alone to determine whether a claimant is disabled. However, in considering the entire record, the ALJ may consider a claimant's activities, to make a finding regarding credibility. 20 C.F.R. § 416.929(c)(3) ("Factors relevant to your symptoms, such as

pain, which we will consider include: (I) Your daily activities....") The plaintiff admitted that he drives up to five times per week. (Tr. at 44.) The plaintiff also claims a need to rest for 10-15 minutes every hour. (Tr. at 38.) However, he shops for and carries groceries and does the laundry. (Tr. at 44.) He also performs heavier household chores such as vacuuming and dusting, and does yard work such as mowing the grass without assistance. (Tr. at 45.) These activities can be physically demanding, and the fact that the plaintiff performs them regularly and without assistance is inconsistent with his claims of disabling pain.

Furthermore, the ALJ noted that Plaintiff's demeanor at the hearing raised questions about his credibility. (Tr. at 19.) The Eleventh Circuit has held that an ALJ is "not prohibited from considering a claimant's appearance and demeanor at the hearing." *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987). The regulations and  Social Security Ruling (SSR) 96-7p also allow an ALJ to consider his or her observations of the claimant in assessing the credibility of the claimant's allegations. *See* 20 C.F.R. §§ 404.1529(c)(3)(vii), (4), 416.929(c)(3)(vii), (4); SSR 96-7p. The plaintiff repeatedly evaded the ALJ's questions regarding the frequency of his driving and did not admit to driving up to five times per week until the ALJ asked the question multiple times. (Tr. at 19, 43-44.) When considered alongside the medical evidence

offered, this lack of candor indicates inconsistency in the plaintiff's subjective pain testimony.

Inferences drawn by the ALJ from the evidence are not to be overturned if they are supported by substantial evidence. *Savor v. Shalala,* 868 F. Supp. 1363, 1366 (M.D. Fla 1994). In fact, this Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer*, 395 F.3d at 1210. In this case, the ALJ carefully examined all of the available evidence and explained in detail his reasoning for rejecting the plaintiff's complaints regarding the severity of his elbow and knee pain, and the ALJ set restrictions for the plaintiff based on this evidence. This is sufficient to satisfy this Court that the adverse credibility determination is supported by substantial evidence. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (holding that the "ALJ made a reasonable decision to reject [the claimant's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so").

B. Combined Effects of Plaintiff's Multiple Impairments

Plaintiff contends that the ALJ did not properly consider the combined effects of his multiple impairments, noting that he complained of problems with his left elbow and knees. (Doc. 8 at 7.) A claim for social security benefits based on disability may

exist even when the individual impairments are not disabling; in these situations, the ALJ must make "specific and well-articulated findings" as to the effect of the impairments in combination and decide whether the combined impairments cause the claimant to be disabled. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). In considering the plaintiff's alleged impairments, the ALJ must, at step two of the sequential evaluation process, determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

In this case, the ALJ found in favor of the plaintiff and determined that he had severe impairments. "Even if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." *Heathy v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-825 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id.* at 825. *See also Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1991)

(applying the harmless error doctrine to social security cases); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of any severe impairment. . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two).

The ALJ identified the plaintiff's ailments as severe in step two and proceeded to step three, where it was determined that the plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 17.) The ALJ considered both the plaintiff's knee and elbow impairments and his seizure disorder and determined that these impairments, while severe, do not meet the requirements under any listed impairment. (*Id.*) Additionally, the ALJ found that "the record does not document medical findings that the claimant's impairments, individually or in combination, equal the level of severity and duration contemplated under any listed impairment." (*Id.*) The ALJ examined the medical records and carefully considered the effects of the plaintiff's impairments before making a finding, which provides sufficient evidence that the ALJ considered the combined effect of the plaintiff's impairments.

Moreover, the ALJ accounted for limitations caused by Plaintiff's left knee by limiting Plaintiff to never climbing ladders, ropes, scaffolds and avoiding hazards,

unprotected heights, and moving machinery. (Tr. at 17.) The ALJ also gave Plaintiff the benefit of the doubt with respect to his allegations that he had problems with his left elbow. The ALJ accounted for this limitation by restricting plaintiff to jobs where he could rely on his dominant right arm for lifting and carrying. (*Id.*)

IV.    Conclusion

Upon review of the administrative record, and considering all of Mr. Sparks's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 10th day of June 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]